Affirmed and Majority and Concurring Opinions filed June 29, 2004









Affirmed and Majority and Concurring Opinions filed
June 29, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-02-01241-CR

         14-02-01242-CR

         14-02-01244-CR

         14-02-01245-CR

____________

 

PATRICK
SUDDS,
Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

__________________________________________________________

 

On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause Nos. 908116, 908117, 908118 & 908119

 

__________________________________________________________

 

C O N C U R R I N G   O P I N I O N

 

I agree with the majority opinion except in the
following respects.  First, it observes
that the legal sufficiency standard in Rippee does not require the
reviewing court to view the evidence in a light favoring venue.  Based on this observation, the majority
opinion conducts an undefined, hybrid sufficiency review that considers
evidence not supporting the venue finding.








Having been decided before the current distinction
was drawn between legal and factual sufficiency review, Rippee does not
expressly or impliedly indicate that a legal sufficiency review can be
conducted without viewing the evidence in the light favoring the challenged
finding.  Nor am I aware of any authority
or rationale in any other context for conducting a legal sufficiency review in
that manner, which would be fundamentally at odds with the very concept of a
legal sufficiency review.

In addition, I agree with the Texas Supreme Court
that such a review of essentially the factual sufficiency of evidence to
support venue would serve no useful purpose:

This review should be
conducted like any other review of a trial court=s fact findings and legal
rulings, except that the evidence need not be reviewed for factual sufficiency.  If there is probative evidence to support the
trial court=s [venue] determination,
even if the preponderance of the evidence is to the contrary, we believe the
appellate court should defer to the trial court.  A remand to reconsider the issue, which is
the relief ordinarily afforded for factual insufficiency of the evidence, would
only increase the expense and delay of litigation in order to resolve an issue
which, though important, is unrelated to the merits. . . .  (Would a second trial be required?)  The statute does not mandate factual
sufficiency review, and we believe it is neither necessary nor wise.

Ruiz v. Conoco, Inc., 868 S.W.2d 752, 758
(Tex. 1993).

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Majority and Concurring Opinions filed June 29,
2004.

Panel consists of Justices Edelman, Frost, and Seymore.  (Frost, J., majority).

Publish C Tex. R.
App. P. 47.2(b).